**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MICHAEL THOMAS ALCALA,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. 14-CV-185-JED-PJC** |
| | ) |
| **JASON BRYANT, Warden,[1]** | ) |
| | ) |
| **Respondent.** | ) |

<u>**OPINION AND ORDER**</u>

Before the Court is the petition for writ of habeas corpus (Doc. 2) filed by Petitioner, a state

inmate represented by counsel.  Respondent filed a response (Doc. 7), and provided the state court

records necessary for adjudication of Petitioner's claims (Docs. 7, 8).  Petitioner did not file a reply.

For the reasons discussed below, the petition for writ of habeas corpus is denied.

*BACKGROUND*

In March 2009, ten-year-old R.B. told her older half brother and her mother that her father,

Petitioner Michael Thomas Alcala, had touched her "private" and threatened to kill her if she told

anyone.  The police were called and an investigation followed.  A child specialist, employed by the

Child Abuse Network at the Justice Center in Tulsa, Oklahoma, conducted a forensic interview of

R.B.  Based on the interview and police investigation, Petitioner was charged, in Tulsa County

District Court, Case No. CF-2009-1409, with two (2) counts of Child Sexual Abuse.  Count 1

charged Petitioner with sexually abusing R.B. "on more than one occasion . . . by placing his hand

---

[1]Under Rule 2(a), *Rules Governing Section 2254 Proceedings*, the proper respondent in a habeas corpus case is the state officer having custody of petitioner.  Petitioner is currently in custody at James Crabtree Correctional Center (JCCC).  Therefore, Jason Bryant, Warden at JCCC, is the proper respondent and shall be substituted as party respondent in place of Janet Dowling, Warden.

on and rubbing [her] vagina" between December 14, 2006, and February 15, 2009, at 12406 East 13th Place, Tulsa, Oklahoma, the home of Petitioner's girlfriend, Jilinda Davis.  *See* Doc. 8-3, Tr. Vol. II at 233.  Count 2 charged Petitioner with sexually abusing R.B. "on more than one occasion . . . by placing his hand on and rubbing [her] vagina" between December 14, 2006, and February 15, 2009, at 5721 East Easton Street, Tulsa, Oklahoma, the home where Petitioner lived after he broke up with Ms. Davis.  *Id.* at 233-34.

The record reflects that, at the conclusion of trial, a jury found Petitioner guilty as charged. *See* Doc. 8-4, Tr. Vol. III at 511.  On March 28, 2011, the trial judge sentenced Petitioner, in accordance with the jury's recommendation, to twenty-five (25) years imprisonment and a $500 fine on each count, but suspended the last five (5) years of each sentence, and ordered the sentences to be served concurrently.  *See* Doc. 8-5 at 5.  The trial judge also declined to set a judicial review.  *Id.* At trial, attorney Beverly Atteberry represented Petitioner.

Petitioner perfected a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA). Represented by attorney Robert W. Jackson, Petitioner raised three (3) propositions of error, as follows:

Proposition 1:    Plain, reversible error occurred when the jury was exposed to improper evidence and argument concerning Mr. Alcala's refusal to take a polygraph test.

Proposition 2:    The trial court erred in failing to require the prosecution to "elect between acts."

Proposition 3:    Mr. Alcala failed to receive the effective assistance of counsel guaranteed by the Sixth Amendment.

Doc. 7-1.  In an unpublished summary opinion, entered January 22, 2013, in Case No. F-2011-252, the OCCA affirmed the trial court's judgment and sentence.  *See* Doc. 7-3.  Petitioner did not seek certiorari review at the Supreme Court nor did he seek post-conviction relief in the state courts.

On April 21, 2014, Petitioner, represented by attorney Steven M. Presson, filed a petition for writ of habeas corpus (Doc. 2).  He raises one ground of error:  "Mr. Alcala failed to receive effective assistance of counsel during his jury trial."  *Id.* at 6.  In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief under 28 U.S.C. § 2254(d).

## *ANALYSIS*

### A.    Exhaustion

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirement of 28 U.S.C. § 2254(b).  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  Petitioner presented the claims of ineffective assistance of counsel raised in the petition to the OCCA on direct appeal. Therefore, the exhaustion required is satisfied.

### B.    Standards

#### 1.    Review of claims adjudicated by state court

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions.  Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." *See* 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 101-03 (2011); *Williams v. Taylor*, 529 U.S. 362, 402 (2000); *Neill v. Gibson*, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner.  *See Bell v. Cone*, 535 U.S. 685, 699 (2002); *Hooper v. Mullin*, 314 F.3d 1162, 1169 (10th Cir. 2002).  An unreasonable application by the state courts is "not merely wrong; even 'clear error' will not suffice."  *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citing *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)).  The petitioner "'must show that the state court's ruling . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  *Id.* (quoting *Richter*, 562 U.S. at 103); *see also Metrish v. Lancaster*, 133 S. Ct. 1781, 1787 (2013).

In this case, the OCCA adjudicated the merits of Petitioner's claims on direct appeal. Therefore, the Court will review those claims under the standards of § 2254(d).

### 2.      Ineffective assistance of counsel

Petitioner is not entitled to habeas relief on his claim of ineffective assistance of trial counsel unless he demonstrates that the OCCA's adjudication was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984).  Under *Strickland*, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial.  *Id.* at 687; *Osborn v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993).  A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  *Strickland*, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance."

4

*Id.* at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id.* at 690.  Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Id.* at 689.

To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694; *see also Sallahdin v. Gibson*, 275 F.3d 1211, 1235 (10th Cir. 2002); *Boyd v. Ward*, 179 F.3d 904, 914 (10th Cir. 1999).  "The likelihood of a different result must be substantial, not just conceivable."  *Richter*, 562 U.S. at 112.  If Petitioner is unable to show either "deficient performance" or "sufficient prejudice," his claim of ineffective assistance fails.  *Strickland*, 466 U.S. at 700.  Thus, it is not always necessary to address both *Strickland* prongs.  This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential."  *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under *Strickland* and through the "deferential" lens of § 2254(d)).

**C.     Petitioner's claims**

**1.     State's failure to "elect offenses"**

In this habeas action, Petitioner claims that trial counsel provided ineffective assistance in failing to object to the State's lack of election between alleged criminal offenses and that, as a result, Petitioner was deprived of his constitutional right to a unanimous jury verdict.  *See* Doc. 2 at 8, 9-11.

On direct appeal, Petitioner alleged that "the trial court erred in failing to require the prosecution 'to elect between acts'" upon which it would rely for conviction on the two charged counts of child sex abuse. *See* Doc. 7-1 at 12.  The OCCA denied this claim, explaining that:

> Alcala is correct that this Court has held that "where the information charges a single offense in one count . . . and the proof develops that the accused may have been guilty of another like offense, the [S]tate should be required to elect as to which transaction it will rely upon for conviction."  This rule of election ensures that a defendant is convicted on the basis of a jury verdict in which all the jurors agree on the same criminal act or transaction.  *Cody v. State*, 1961 OK CR 43, ¶ 38, 361 P.2d 307, 320; *McManus v. State*, 1931 OK CR 110, 297 P. 830, 831.  This Court has fashioned an exception to the rule, however, by consistently holding that it does not apply to child abuse and child sex abuse crimes.  *See Huddleston v. State*, 1985 OK CR 12, ¶ 16, 695 P.2d 8, 10-11 ("[W]hen a child of tender years is under the exclusive domination of one parent for a definite and certain period of time and submits to sexual acts at that parent's demand, the separate acts of abuse become one transaction within the meaning of th[e] [election] rule."); *see also Gilson v. State*, 2000 OK CR 14, ¶¶ 22-23, 8 P.3d 883, 889-890 (applying *Huddleston* election rule exception to acts of child abuse by treating separate acts as one transaction); *Jones v. State*, 1989 OK CR 66, ¶ 17, 781 P.2d 326, 329 (finding that evidence of multiple acts of child sexual abuse committed over three year period were admissible because under *Huddleston* exception it was part of same transaction as act constituting charged offense).
>
> . . . .
>
> At trial, R.B. testified to being sexually abused by Alcala multiple times at each location and the trial court instructed jurors on the two separate counts and the separate locations associated with each.  Because the two counts were clearly separated by the place of commission, and because the jury instructions clearly delineated between the two counts, the evidence of multiple acts of abuse committed at each address sufficiently limited the jury's verdict to a single continuing offense at each location.  The trial court did not err in failing to require the state to elect between the acts it relied on for conviction.

Doc. 7-3 at 3-5.  The OCCA also rejected Petitioner's associated claim of ineffective assistance of counsel on the merits, finding that:

> Alcala also claims that trial counsel was ineffective for not objecting to the State's lack of election between acts constituting the charged offenses.  Because the

> State was not required to elect between acts in this case, any objection would have
> been properly overruled.  Trial counsel was not ineffective.

*Id.* at 7 (citations omitted).

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied *Strickland* in adjudicating this claim of ineffective assistance of counsel.  After careful review of the record, the Court finds Petitioner has failed to make the necessary showing.  The evidence presented at trial was sufficient to show that the sexual abuse suffered by R. B. at each location was a continuous act.  Under established Oklahoma law, the State was not required to elect one specific act upon which to prosecute.  *Gilson v. State*, 8 P.3d 883, 900 (Okla. Crim. App. 2000) (citing *Huddleston v. State*, 695 P.2d 8, 10-11 (Okla. Crim. App. 1985)).  The Information charged Petitioner with two counts of Sexual Abuse of a Minor Child, separated by the locations where the abuse occurred.  As determined by the OCCA, the evidence of multiple acts of abuse committed at each address sufficiently limited the jury's verdict to a single continuing offense at each location.  Thus, the State was not required to elect between acts and Petitioner fails to demonstrate a reasonable probability that, had counsel objected to the lack of an election by the State, the result of his trial would have been different.  *See Spradling v. Addison*, 367 F. App'x 938, 940-41 (10th Cir. 2010) (unpublished) ("Because the OCCA held that election was not required, it is not reasonably debatable that counsel's failure to raise this issue during trial or on appeal was either deficient performance or prejudicial under *Strickland*.").  Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of counsel.

7

2.      **Failure to object to admission of polygraph testimony**

Petitioner also claims that trial counsel provided ineffective assistance in failing to object to improper evidence concerning a polygraph test and to the prosecutor's improper comment on the evidence during closing argument. *See* Doc. 2 at 8, 12-16. On direct appeal, Petitioner claimed that the trial court erroneously allowed admission of evidence demonstrating that he had refused a polygraph test. *See* Doc. 7-1 at 7. He also claimed that the prosecutor improperly cited to this evidence in closing argument. *Id.* at 9-10. The OCCA denied relief on these claims, finding as follows:

> The introduction of evidence at trial of Alcala's refusal to submit to a polygraph test was error. *See Hall v. State*, 1977 OK CR 264, ¶ 24, 570 P.2d 955, 960 ("Statements by any accused concerning his willingness or refusal to take a polygraph are inadmissible."). Given the strength of the remaining evidence, and given Alcala's failure to object to the evidence, however, the error does not rise to the level of reversible plain error.
>
> Nor does the prosecutor's brief reference to the polygraph test refusal in closing argument rise to the level of reversible plain error. The prosecutor's reference to Alcala's refusal to take a polygraph test was clearly improper because it was comment on otherwise inadmissible evidence. However, weighing the brief and fleeting nature of the prosecutor's reference to the polygraph test (i.e., "[g]osh darn, he didn't want to take that polygraph") against the otherwise strong evidence of guilt, and defense counsel's minimization of jurors' exposure to the error by not mentioning it in her closing argument, we cannot find that the prosecutor's statement so infected the trial that it rendered the trial fundamentally unfair.

Doc. 7-3 at 2-3 (citations omitted).

In this habeas case, Petitioner alleges that trial counsel provided ineffective assistance in failing to object to evidence of his refusal to take a polygraph test and to the prosecutor's reference to that evidence in closing argument. *See* Doc. 2 at 12-16. On direct appeal, the OCCA denied relief, finding as follows:

8

We have concluded that if the evidence of Alcala's refusal to take a polygraph test and the prosecutor's short comment on that refusal had been excluded, it is unlikely the result of the trial would have been different.  We likewise conclude that if counsel had successfully objected to the polygraph refusal evidence and improper argument by the prosecutor, the result of Alcala's trial would not have been different. Alcala fails to meet his burden under *Strickland* of showing that he was prejudiced by trial counsel's failure to object.  *See Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067 ("[A]ctual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice . . . It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.").

Doc. 7-3 at 6-7.

Petitioner bears the burden of demonstrating that the OCCA unreasonably applied *Strickland*. After careful review of the record, the Court finds Petitioner has failed to make the necessary showing.  The victim, R.B., testified that Petitioner touched and rubbed her vagina multiple times at each of the two locations identified in the Information and that the touches were not accidental. *See* Doc. 8-3, Tr. Vol. II at 246-49, 253-58, 267.  Other witnesses, including R.B.'s mother, the forensic interviewer, and R.B.'s counselor, confirmed that R.B.'s statements concerning the sexual abuse were consistent.  *See* Doc. 8-4, Tr. Vol. III at 311, 348, 405.  Davis testified that, while Petitioner was living in her home, she found a rubber vagina with R.B.'s panties on it in Petitioner's dresser drawer.  *Id.* at 358.  Based on review of that evidence, the Court finds that even if counsel performed deficiently in failing to object to the polygraph testimony and the prosecutor's closing argument, Petitioner has not shown a reasonable probability that the result of his trial would have been different had the polygraph testimony been excluded.  Petitioner has not shown that the OCCA's adjudication of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court.  28 U.S.C. § 2254(d).  Petitioner is not entitled to habeas corpus relief on this claim of ineffective assistance of counsel.

9

**D.      Certificate of appealability**

Rule 11, *Rules Governing Section 2254 Cases*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

After considering the record in this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Tenth Circuit would find that this Court's application of AEDPA standards to the decision by the OCCA was debatable amongst jurists of reason.  *Dockins v. Hines*, 374 F.3d 935 (10th Cir. 2004).  A certificate of appealability is denied.

### *CONCLUSION*

After careful review of the record, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.  Therefore, the petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1       Jason Bryant, Warden, is **substituted** as party respondent in place of Janet Dowling, Warden.

2.      The petition for writ of habeas corpus (Doc. 2) is **denied**.

3.      A certificate of appealability is **denied**.

4.      A separate judgment shall be entered in this matter.

10

ORDERED THIS 30th day of March, 2017.


JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE